| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| CORWIN D. JOHNSON, | § |
| | § |
| Petitioner, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:15-CV-315 |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Respondent. | § |

## MEMORANDUM OPINION

Petitioner Corwin D. Johnson, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Factual Background

The petitioner is in custody pursuant to a judgment entered in the 252nd Judicial District Court of Jefferson County, Texas. The petitioner was charged with aggravated robbery in cause number 11-11635. The petitioner entered into a plea agreement in which he agreed to plead guilty to the lesser offense of robbery in exchange for community supervision. On February 6, 2012, the trial court deferred a finding of guilt and sentenced the petitioner to five years of community supervision.

On June 1, 2012, the State filed a motion to revoke the petitioner's community supervision. In the motion, the State alleged the petitioner had been charged with felony theft and had left Jefferson County without permission. A revocation hearing was conducted on January 7, 2013. The trial court continued the petitioner on community supervision, but added a "zero tolerance" condition to the terms of his continued release. On January 18, 2013, the State filed a second

motion to revoke. In the second motion, the State alleged that petitioner had committed aggravated assault on January 11, 2013 (Count 1), and that he had failed to pay his court-ordered fees (Count 2). On January 31, 2013, the motion to revoke was amended to allege that the petitioner's arrest violated the zero tolerance condition (Count 3).

The trial court reset the revocation hearing multiple times while the State unsuccessfully attempted to locate the victim of the alleged aggravated assault to testify. On March 25, 2013, the trial court adjudicated guilt, and sentenced the petitioner to twenty years of imprisonment. The trial court announced on the record that he found that the petitioner violated the zero tolerance condition (Count 3) of the motion to revoke. In the written judgment, the trial court found that both Count 1 and Count 3 of the motion to revoke were true.

The First Court of Appeals affirmed the judgment on direct appeal. On June 4, 2014, the Texas Court of Criminal Appeals refused discretionary review.

Petitioner filed three state applications for writs of habeas corpus. The Texas Court of Criminal Appeals denied the first application without written order on April 15, 2015. The other applications were dismissed on procedural grounds.

### The Petition

The petitioner contends his attorneys provided ineffective assistance of counsel by failing to: (1) file a motion to quash the second motion to revoke based on the failure to give the petitioner sufficient notice of the amended ground for revocation; (2) object to the lack of notice concerning the imposition of the zero tolerance condition of community supervision; (3) argue on appeal that the evidence was insufficient to support the revocation. The petitioner contends that the trial court violated his right to due process by amending the conditions of his community

supervision without giving ten days of notice prior to the amendment. Finally, the petitioner contends he was denied the right to counsel when the trial court added the zero tolerance provision as a condition of his community supervision.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes district courts to entertain a petition for writ of habeas corpus in behalf of a person in custody pursuant to a state court judgment on the ground that the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). This court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. This court may consider only the record before the state courts that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Further, state court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Federal courts consider the "last reasoned opinion" to be the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). If a higher state court offered different grounds for its ruling than a lower court, then the higher court's decision is reviewed. *Id*. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 526 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits if the state court addresses some, but not all, claims in its opinion).

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court does not depend upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

Analysis

*I. Ineffective Assistance of Counsel*

In order to establish an ineffective assistance of counsel claim, the petitioner must prove counsel's performance was deficient, and that the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because the petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*. To overcome the presumption that counsel provided reasonably effective assistance, the petitioner must prove that his attorney's performance was objectively unreasonable in light of the facts of the case, viewed as of the time of the attorney's conduct. *Id*. at 689-90. The court will not second-guess a reasonable, professional judgment to pursue a certain strategy. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, the petitioner must also show he was prejudiced as a result of counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In determining whether the petitioner was prejudiced, the court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

5

Analyzing an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. On habeas review, the key question is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if the petitioner has a strong case for granting relief, that does not mean the state court acted unreasonably in denying relief. *Id*. at 102.

*A. Failure to File Motion to Quash*

The petitioner alleges he was entitled to, but did not receive, notice of the alleged zero tolerance violation ten days before the hearing. The petitioner contends counsel should have filed a motion to quash the motion to revoke based on the lack of notice.

The zero tolerance condition of community supervision was added to the conditions of the petitioner's release at a revocation hearing on January 7, 2013. Reporter's Record (RR), Vol. 3 at 4-6. Instead of revoking the petitioner's community supervision following the hearing, the trial court imposed additional conditions of release, including the zero tolerance condition, without objection from the petitioner. State Court Habeas Record (SCHR), Docket Entry#11-2 at 6.

A second motion to revoke the petitioner's community supervision was filed on January 18, 2013. On January 31, 2013, the second motion to revoke was amended to allege a violation of the zero tolerance condition, and counsel was appointed the next day. *Id*. The first evidentiary hearing on the second motion to revoke was not held until March 4, 2013, and the final hearing was held on March 23, 2013. *Id*. Thus, the petitioner had more than ten days of notice of the alleged violation prior to the hearing.

The last-reasoned state court opinion was issued by the trial court, and the findings were adopted without written order by the Texas Court of Criminal Appeals. Citing Texas Code of Criminal Procedure Art. 42.12, which allows the State to amend a motion to revoke in a felony case up to seven days before the hearing, the trial court found that the petitioner had sufficient notice of the amended motion alleging a violation of the zero tolerance condition. *Id*. at 6-7. The trial court concluded that counsel did not provide ineffective assistance by failing to file a motion to quash the motion to revoke because a motion to quash would have been meritless. *Id*. at 7. Because the petitioner failed to show that counsel performed deficiently by failing to file a motion to quash, or that he was prejudiced by counsel's failure to file the motion, the state court's application of *Strickland* was reasonable. Therefore, the petitioner is not entitled to relief on this ground.

B. *Failing to Object to Lack of Notice of Zero Tolerance Condition*

The petitioner contends that he was entitled to ten days of notice before the trial court amended the conditions of his community supervision. The petitioner contends that the trial court denied him due process by failing to give notice before adding the zero tolerance condition. The petitioner also contends his attorney provided ineffective assistance by failing to object that the petitioner did not receive notice before the zero tolerance condition was imposed.

During the state habeas proceedings, the state courts rejected the petitioner's claims regarding the lack of notice. The trial court found:

> 3. The habeas record establishes that, at the January 7, 2013, revocation hearing, the Court agreed to continue applicant on deferred probation; add the new "zero tolerance" condition to applicant's deferred probation order; and the fact that

7

> applicant verbally agreed to adding the "zero tolerance" condition in exchange for being allowed to remain on deferred probation.
>
> . . . .
>
> 35. Because Ground 5's [10-day notice] claims fail to establish a violation of constitutional or fundamental rights, or sufficient resulting harm, said claims are without merit, and should be denied.

SCHR, Dkt Entry #11-2 at 6-13. The petitioner has failed to cite any authority for the proposition that he was entitled to ten days of notice before the deferred probation order was amended to add new conditions to his continued release on community supervision. The state court's finding that the petitioner was not entitled to notice is not reviewable by a federal court. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Federal courts do not "sit as a super state supreme court in such a proceeding to review errors under state law." *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981) (internal quotes omitted); *see also Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law.").

The state court's rejection of the petitioner's claim that he was entitled to notice is not contrary to, and does not involve, an unreasonable application of, clearly established federal law. Nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.

### C. Failing to Raise Insufficient Evidence Claim on Appeal

The petitioner contends that his appellate counsel should have argued that the evidence was insufficient to support the trial court's finding that he violated the zero tolerance condition of community supervision. Liberally construing the complaint, the petitioner also argues that he was

8

denied due process because he was not notified that an arrest would violate the zero tolerance condition of his community supervision.

In this case, the trial court found that two grounds alleged in the motion to revoke (Counts 1 and 3) were true. Under Texas law, one sufficient ground for revocation is enough to support an order revoking probation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Even if counsel had successfully challenged the sufficiency of the evidence or lack of notice with respect to Count 3, it would not have affected the outcome of the proceeding because the trial court also found Count 1 to be true. Therefore, these claims lack merit.

*II. Denial of Right to Counsel*

The petitioner contends that his Sixth Amendment right to counsel at critical stages of a criminal proceeding was violated when the zero tolerance provision was added as a condition of community supervision. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (noting that a criminal defendant has a right to counsel at critical stages of a criminal proceeding).

During the state habeas proceedings, the trial court found that the record did not support the petitioner's claim that he was denied counsel because court-appointed counsel, Brack Jones, Jr., appeared at the hearing when the zero tolerance condition was imposed. SCHR, Dkt Entry #11-2 at 12-13. This Court is required to accept the factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. The petitioner has not met this burden. The record conclusively shows that the petitioner was represented by counsel at the hearing when the trial court imposed the zero tolerance condition. RR, Vol. 3 at 2, 4, 7, 8. Therefore, the state court's rejection of this claim is not contrary to, and does not involve an unreasonable application of, clearly established federal

law. Nor did it result in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.

*III. Certificate of Appealability*

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84. If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id*. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## Conclusion

For the reasons stated in this Memorandum Opinion, the petition for writ of habeas corpus should be denied. A final judgment will be entered in accordance with this Memorandum Opinion. A certificate of appealability will not be issued.

SIGNED at Plano, Texas, this 18th day of September, 2018.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE